UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


VICTOR MORRIS                                        CIVIL ACTION

v.                                                   NO. 12-1700

HOME DEPOT, U.S.A., INC.                             SECTION "F"

ORDER AND REASONS

Before the Court is Home Depot, U.S.A., Inc.'s Motion for Summary Judgment.  For the reasons that follow, the motion is DENIED.

Background

This is a personal injury case arising out of a trip and fall incident that occurred at a Home Depot store in Kenner, Louisiana.

Victor Morris was helping his daughter repair her house.  He made several trips to Home Depot, located at 2625 Veterans Memorial Boulevard in Kenner, to purchase supplies for the renovation.  On July 1, 2011, approximately one week after one of his trips to Home Depot, Mr. Morris and a friend, Oliver Cox, visited the same Home Depot in Kenner, this time to obtain supplies for the installation of an interior bathroom door.  Mr. Morris and Mr. Cox first searched a few aisles for a door.  Mr. Cox thought he found the door they needed midway down Aisle 29 in an upper bay.  He called to Mr. Morris, who was in another aisle.  Mr. Morris approached Aisle 29 from the rear of the store.  Mr. Morris approached Mr.

1

Cox, who was standing next to a pole; Mr. Morris noticed that, next to the pole where Mr. Cox was standing, there were two boxes of merchandise on the floor by the pole; one box was stacked on top of the other.  Mr. Morris continued to walk toward Mr. Cox.  While looking up towards the door being pointed out to him by Mr. Cos, Mr. Morris passed Mr. Cox, the stacked merchandise, and the pole; at that time, he walked backwards to aid his view of the doors that were displayed high on the top shelf; as he walked backwards, he tripped over a single yellow box of merchandise, which was located on the floor on the opposite side of the pole from where the stack of two boxes of the same merchandise had been located.  Mr. Morris did not see the single box at the time because he was facing away from it -- once he walked past his friend, the stack of two boxes, and the pole, he was looking up for the door that Mr. Cox was pointing out to him.  And he did not see the one stack of boxes he fell over before he started walking backwards because, from his vantage point coming from the back of the store, he says, the single box was obscured by the two boxes that were stacked on top of each other.

As a result of tripping backwards over the single box, Mr. Morris fell, striking his back, shoulders, and head on the concrete floor; he also injured his left hand and finger, on which he had surgery to repair the finger tendon and joint.  On May 22, 2012 Mr. Morris sued Home Depot U.S.A., Inc. in state court, asserting that

Home Depot's negligence caused his injuries; he seeks to recover past and future medical expenses, pain and suffering, permanent disability, loss of wages, and lost wage-earning capacity.  On June 29, 2012 Home Depot removed the lawsuit to this Court, invoking the Court's diversity jurisdiction.   Home Depot now seeks summary relief on the ground that Home Depot cannot be held liable because it had no duty to warn Mr. Morris of an open and obvious condition.

## I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.   See id.   Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish

an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.   Plaintiff's Burden on Merchant Liability

Under Louisiana's Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition," and this duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."  La.R.S. 9:2800.6(A).  The Merchant Liability Act, a "decidedly pro-defendant statute",[1] establishes the plaintiff's burden of proof in trip-and-fall claims against

---

[1] Welch v. Winn-Dixie Louisiana, Inc., 655 So.2d 309, 314 (La. 1995).

merchants:

> A.  A merchant owes a duty to persons who
> use his premises to exercise reasonable care
> to keep his aisles, passageways, and floors in
> a reasonably safe condition.   This duty
> includes a reasonable effort to keep the
> premises free of any hazardous conditions
> which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against
> a merchant by a person lawfully on the
> merchant's premises for damages as a result of
> an injury, death, or loss sustained because of
> a fall due to a condition existing in or on a
> merchant's premises, <u>the claimant shall have
> the burden of proving, in addition to all
> other elements of his cause of action, all of
> the following</u>:
>
>> (1)  The   condition   presented   an
>>       unreasonable risk of harm to the
>>       claimant and that risk of harm was
>>       reasonably foreseeable.
>> (2)  The merchant either created or had
>>       actual or constructive notice[2] of
>>       the condition which caused the
>>       damage, prior to the occurrence.
>> (3)  The merchant failed to exercise
>>       reasonable care.   In determining

---

[2]Constructive notice is defined as:
>    C.  Definitions
>        (1)    "Constructive notice"
>    means the claimant has proven that
>    the condition existed for such a
>    period of time that it would have
>    been discovered if the merchant had
>    exercised reasonable care.   The
>    presence of an employee of the
>    merchant in the vicinity in which
>    the condition exists does not,
>    alone, constitute constructive
>    notice, unless it is shown that the
>    employee knew, or in the exercise of
>    reasonable care should have known,
>    of the condition.

> reasonable care, the absence of a
> written or verbal uniform cleanup or
> safety procedure is insufficient,
> alone, to prove exercise of
> reasonable care....

La.R.S. 9:2800.6 (emphasis added).  A plaintiff must prove each of

the three elements set forth in the Act, which clearly "places a

heavy burden of proof on plaintiffs in claims against a merchant

for damages arising out of a fall on the premises."  Jones v.

Brookshire Grocery Co., 847 So.2d 43, 48 (La.App. 2 Cir. 5/14/03).

The burden of proof under the Act never shifts to the defendant.

Melancon v. Popeye's Famous Fried Chicken, 59 So.3d 513, 515

(La.App. 3 Cir. 2011)(citing White v. Wal-Mart Stores, Inc., 699

So.2d 1081 (La. 1997)).

                                III.

     A defendant "generally ha[s] no duty to protect against an

open and obvious hazard."  Hutchinson v. Knights of Columbus,

Council No. 5747, 866 So.2d 228, 234 (La. 2004).  "[T]o be open and

obvious, the risk of harm should be apparent to all who encounter

the dangerous condition."  Broussard v. State ex rel. Office of

State Bldgs., 113 So.3d 175, 184 (La. 2013).  "[W]hile a defendant

only has a duty to protect against unreasonable risks that are not

obvious..., the fact-finder, employing a risk-utility balancing

test, determines which risks are unreasonable and whether those

                                  6

risks pose an open and obvious hazard." Id. at 185.[3]

The defendant focuses on the plaintiff's inattention: if Mr. Morris had turned around and looked down at the floor before he looked up at the door displayed up high, he would have seen the box of goods that had been placed on the floor behind him. But "[t]he degree to which a danger may be observed by a potential victim is [only] one factor in the determination of whether a condition is unreasonably dangerous." Hutchinson, 866 So. 2d at 234. And, notably, "the duty to keep a proper lookout is diminished when shelved merchandise distracts a shopper." Perez v. Wal-Mart Stores, Inc., 608 So.2d 1006, 1008 (La. 1992). "[I]n a self-service store, a patron has a diminished duty to see that which should have been seen because his attention is presumed to be attracted to the advertised goods on the shelves." See Lofton v. Hayward, 806 So.2d 877, (La.App. 4 Cir. 1/9/02)(citations omitted).

The case literature about whether pallets placed in an aisle of a self-service store are unreasonably dangerous is mixed. On

---

[3]Four factors inform the risk-utility balancing test:
(1) the utility of the complained-of condition;
(2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition;
(3) the cost of preventing the harm; and
(4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.
Id. at 184.

one hand, cases support the proposition that a pallet in and of itself "does not inherently pose an unreasonable risk of harm." See Taylor v. Wal-Mart Store, Inc., No. 05-1346, 2006 WL 1476031 (W.D. La. May 23, 2006)("A pallet filled with merchandise in the center of an aisle is a condition any customer would reasonably expect to encounter, and it presents no inherent hazard to the customer exercising reasonable care"); Reed v. Home Depot, Inc., 843 So.2d 588 (La.Ct.App. 2003)(citation omitted)("A pallet does not inherently pose an unreasonable risk of harm."); Ferrant v. Lowe's Home Ctrs., Inc., 494 Fed.App'x 458, 462 n.3 (5th Cir. 2012)(noting that "courts applying Louisiana law have routinely rejected merchant liability claims based upon the placement of a merchant pallet").  But whether pallet placement is or is not inherently dangerous is not to deny that, under some circumstances, the placement of merchandise may be unreasonably dangerous.  Thus, many cases confirm that pallets may be unreasonably dangerous in certain circumstances, and it is up to the jury to resolve the issue.  See, e.g., Stewart v. Wal-Mart Louisiana, LLC, No. 12-1537, 2013 WL 1838578 (W.D. La. May 1, 2013)(denying merchant's motion for summary judgment in light of fact issue as to whether the four-foot high pallet's placement in the middle of the aisle created an unreasonably dangerous condition); Seiss v. Lowe's Home Centers, Inc., No. 11-1778, 2013 WL 588769 (W.D. La. Feb. 13, 2013)(denying merchant's motion for summary judgment, finding a factual dispute

about whether boxes were open and obvious; plaintiff claimed that
she did not see four vertically-stacked boxes on the floor of the
millworks department because she was looking upward at the moulding
as they entered the aisle); Butler v. Wal-Mart Stores, Inc., No.
08-3663, 2009 WL 1507580 (E.D. La. May 26, 2009)(Vance, J.)(denying
motion for summary judgment, finding that it would be permissible
for a jury to find that a pallet located in the middle of the aisle
and   stacked   waist-high   with   merchandise   was   unreasonably
dangerous).

The dispute here is whether Mr. Morris has raised a fact issue
regarding whether the single box of merchandise "displayed" on the
floor was an open and obvious tripping hazard.  Home Depot contends
that  it  cannot  be  held  liable  for  a  condition  that  should  be
obvious  to  all,  and  that  Mr.  Morris  failed  to  heed  his  duty  to
observe whether he had a clear pathway.  Mr. Morris counters that,
as he approached from the back of the store, he did see the two-
high stack of merchandise on the floor because that stack obscured
the single box of merchandise on the other side of the pole.  The
Court finds that this case-specific fact issue patently precludes
summary judgment; the Court cannot say as a matter of law that the
placement of the single-box of merchandise on the floor did not
create   an   unreasonably   dangerous   tripping   hazard   under   the

9

circumstances.[4]

Accordingly, Home Depot's motion for summary judgment is DENIED.

New Orleans, Louisiana, August 22, 2013

_____

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4]In so finding, the Court does not suggest that the plaintiff will prevail at trial, only that a fact issue has been raised.  Also inherent in the setting of this case is the risky issue of comparative negligence.